# AMENDMENTS TO THE LOCAL RULES FOR THE DISTRICT OF RHODE ISLAND

**Redlined Draft**

**January __, 2008**

# LOCAL RULES OF GENERAL APPLICATION

# AND

# LOCAL RULES GOVERNING ATTORNEY ADMISSIONS, APPEARANCES AND DISCIPLINE

# LOCAL RULES OF GENERAL APPLICATION

## LR Gen 102 DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

**(a) In General.**

(1) Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed, the document shall be accompanied by a motion to seal, which explains why the document should be sealed.

(2) Unless the Court otherwise permits, if counsel or a party has good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, the document shall not be filed until such other party has been notified and afforded an opportunity to file a motion to seal.

(3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information.

(4) ~~Unless otherwise ordered, t~~ The motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

**(b)** ~~**Transmittal by Clerk.**~~ **Filing of Sealed Documents in Civil Cases.** Upon receipt of a motion to seal in a civil case, the clerk shall docket the motion but not the documents which are the subject of the motion and shall immediately transmit the motion and documents to the chambers of the judge to whom the case has been assigned. If the Court grants the motion to seal and unless otherwise ordered by the Court, the sealed envelope shall be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be docketed and filed in accordance with these Local Rules, unless otherwise ordered by the Court.

**(c) Filing of Sealed Documents in Criminal Cases.** Upon receipt of a motion to seal ~~I~~in a criminal case, the clerk shall immediately transmit the motion and the documents which are the subject of the motion to the chambers of the judge to whom the case has been assigned. ~~i~~If the Court grants the motion to seal, the motion to seal, the order granting the motion to seal, and the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. The envelope shall then be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be docketed and filed in accordance with these Local Rules, unless otherwise ordered by the Court.

(d) **Unsealing of Documents.** Documents sealed by the Court may be unsealed at any time upon motion of a party or non-party or by the Court *sua sponte*, provided that the parties first are given notice and an opportunity to be heard.

**CROSS-REFERENCES**

See generally LR Cv 7 (motions and memoranda) and LR Cr 47 (motions and memoranda).

## LR Gen 106 REFERRALS TO AND FROM OTHER DISTRICTS

When a judge of another district is designated to hear a case or other matter because all of the judges in this District have recused themselves, or when a judge of this District is designated to preside over a case filed in another district, the following procedures shall apply:

(a) **Jurisdiction and Rules.** The originating court shall retain jurisdiction over the case, and the Local Rules of the originating court shall govern the case unless otherwise ordered by the judge who is presiding by designation. Any final judgment shall be entered by the originating court.

(b) **Filing of Documents.** ~~Original d~~Documents shall be filed with the clerk of the originating court. ~~, and copies shall be filed with the clerk of the court to which the matter is referred. The case caption on all documents filed shall bear the file numbers of both courts.~~

(c) **Notification of Pending Matters.** When a case is referred to this District, the Clerk of this Court shall direct the parties to notify the Court in writing within fifteen (15) days of any pending motions or other matters in the case that require action by the Court. If no such notification is received, the Clerk shall terminate any pending motions or matters as "passed." The documents with respect to any pending motions or matters for which notification is received shall be separated by the Clerk and re-filed as of the date of receipt of the notice.

(d) **Trials and Other Proceedings.** Conferences and hearings may be held in either district. Jury trials shall be held in the district where the case originates unless all parties agree otherwise.

### CROSS-REFERENCE

See also LR Gen 105 (Assignment of Cases).

**LR Gen 109 BANKRUPTCY**

* * *

**(f) Appeals to District Court.**

* * *

(7) **Form of and Schedule for Filing Briefs**. Unless otherwise ordered by the District Court or provided in these rules, the form and schedule for filing appellate briefs and memoranda shall be governed by Bankruptcy Rule 8009, except that:

(A) all briefs, memoranda and appendices thereto shall conform to the applicable requirements of LR Cv 7; and

(B) <u>with respect to documents that are conventionally filed,</u> two (2) copies of any brief or memorandum shall be provided to the district judge to whom the appeal or motion for leave to appeal is assigned.

Such motion and any related objection(s) and replies shall be governed by the applicable provisions of LR Cv 7.

* * *

---

<u>**LR Gen 110 [Reserved for future use.]**</u>

## LR Gen 112 USE OF CELLULAR PHONES AND OTHER ELECTRONIC DEVICES

(a) **General Prohibition**. Except as provided in subsection (b) of this rule or expressly authorized by the Court, no person shall bring into the Courthouse or that portion of the John O. Pastore Building that is occupied by the Court any device of any kind that has the capability of sending or receiving communications, making sound or video recordings, or making, recording or transmitting photographs or videos.

(b) **Cellular phones, laptops, dictaphones and PDAs.** Cellular phones, laptops, dictaphones and so-called personal digital assistants ("PDAs"), such as Palm Pilots and Blackberries, may be brought into the Courthouse only by attorneys or those having express authorization and only upon the following conditions:

(1) Before entering any courtroom, chambers or Grand Jury room, anyone carrying a cellular phone, Dictaphone or PDA shall at the direction of the presiding judicial officer either:

(A) check it with the courtroom clerk or Court security officer at that location; or

(B) turn off the device completely and keep the device turned off during all times in the courtroom, chambers or Grand Jury room.

(2) Dictaphones may be used only outside the courtroom or chambers.

(3) Laptops may be used in a courtroom or chambers only with the express permission of the presiding judicial officer.

(~~2~~ 4) Upon entering the building, any person carrying ~~such a device~~ a cellular phone, laptop, dictaphone or PDA shall acknowledge and agree that, upon violation of the conditions set forth in paragraphs (1), (2) and (3) above and/or of any other limitations placed on the use of such instruments, said device may be confiscated.

# LOCAL RULES GOVERNING ATTORNEY ADMISSIONS, APPEARANCES AND DISCIPLINE

## *I. REGULATION OF ATTORNEY PRACTICE BEFORE THE COURT*

### LR Gen 201 PRACTICE BEFORE THIS COURT

**(a)** **Requirement of Membership in Local Bar.** In order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court unless these Local Rules expressly provide otherwise.

A person who is not a member of the Bar of this Court may not sign any pleading or motion filed on behalf of a party unless these Local Rules expressly provide otherwise.

**(b)** **Exceptions to Requirement of Membership.** Notwithstanding the provisions of subsection (a), the following individuals may appear and/or practice before this Court:

**(1)** **Attorneys for the United States.** An attorney who is a member in good standing of the bar of another federal district court and each jurisdiction in which that attorney has been admitted to practice may appear and practice in this Court as an attorney for the United States or for any agency of the United States or for an officer of the United States in his or her official capacity.

**(2)** ***Pro Hac Vice* Counsel.** An attorney who satisfies the requirements of LR Gen 204(b) may appear and practice in this Court if admitted as *pro hac vice* counsel in accordance with the provisions of LR Gen 204.

**(3)** **Attorneys in Removal Cases.** An attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. §1441 et seq other than a party joining in the removal request, may appear and practice in this Court in that case, unless that attorney has been suspended or disbarred as a member of the bar of this Court.

**(4)** **Parties Appearing *Pro se*.** An individual who is not represented by counsel and who is a party to a pending case may appear on his or her own behalf subject to the limitations set forth in LR Gen 205. A *pro se* party shall be subject to and required to comply with all other applicable provisions of these rules.

**CROSS-REFERENCES**

See LR Gen 204 (*pro hac vice* counsel) and LR Gen 205 (*pro se* parties).
See Administrative Procedures for Electronic Case Filing, ¶ 5(d).

## LR Gen 202 ELIGIBILITY AND PROCEDURE FOR ADMISSION

(a) **Requirements for Admission.** In order to be eligible for membership in the Bar of this Court, an attorney must:

(1) Be a member of good standing of the Bar of the Supreme Court of the State of Rhode Island; and

(2) Either:

(A) Have completed the course of instruction and have passed the examination* on Federal Practice and Procedure given by this Court's Board of Bar ~~Examiners~~Admissions, or

(B) Have at least five years of experience in practicing before federal courts and certify that he or she has read and understands these Local Rules;

and

(3) Establish to the satisfaction of this Court, that he or she is otherwise qualified and fit to be admitted to the Bar of this Court.

(b) **Procedure for Admission.**

(1) **Application for Admission.** An individual applying for admission pursuant to LR Gen 202(a)(2)(A) shall file with the Clerk a completed application form together with a current certificate from the Rhode Island Supreme Court that the applicant is a member in good standing of the Bar of that Court.

An individual applying for admission pursuant to LR Gen 202(a)(2)(B) shall file with the Clerk a completed application form accompanied by a current certificate from the Rhode Island Supreme Court that the applicant is a member in good standing of the Bar of that Court, together with a current certificate from a United States district court that the applicant is a member in good standing of the Bar of that court.

(2) **~~Filing~~Application fee.** An application for admission also shall be accompanied by a check payable to the ~~"Board of Bar Examiners"~~ "Bar Fund" in payment of the application fee established by the Court. ~~and by a check payable to "Clerk, U.S. District Court" in payment of the admission fee established by the Judicial Conference of the United States.~~ The application fee shall not be refundable.

---

* *The bar examination requirement has been suspended. See Administrative Order 2007-05.*

(3) **Review of Application.** In the case of an application pursuant to LR Gen 202(a)(2)(A), the Clerk shall examine the application, the court certificate and the records indicating ~~whether~~that the applicant has completed the course of instruction and passed the examination* given by the Board of Bar ~~Examiners~~Admissions. If the Clerk finds that those documents and records indicate that the applicant satisfies the prerequisite for admission, the Clerk shall notify the applicant and the Chairman of the Board of Bar ~~Examiners~~Admissions and place the applicant on the list for admission. If the Clerk finds that the documents and records indicate that the applicant does not satisfy the prerequisites for admission, the Clerk shall notify the applicant and the Chief Judge of this Court. Said notification shall specify the reasons for this determination.

In the case of an application pursuant to LR Gen 202(a)(2)(B) the application shall be reviewed by the Chair of the Board of Bar ~~Examiners~~Admissions who shall recommend to the Chief Judge whether the application should be approved or rejected. The final decision shall be made by the Chief Judge who shall direct the Clerk to notify the applicant of the decision.

(4) **Admission Ceremony.** Admission to the Bar of this Court is effected by the granting of a motion made by the Chairman of the Board of Bar ~~Examiners~~Admissions or his designee at an admission ceremony presided over by the Court. In the case of an individual admitted pursuant to LR Gen 202(a)(2)(B), admission is effected upon approval by the Chief Judge of the application for admission.

In order to be admitted, an applicant shall make the following oath or affirmation:

> I do solemnly [swear] [affirm] that, to the best of my knowledge and ability, I will support and defend the Constitution of the United States against all enemies, foreign and domestic, and that I will bear true faith and allegiance to the same; that I take the obligation freely, without any mental reservation or purpose of evasion; and that I will demean myself as an attorney, proctor, and solicitor of this court, uprightly and according to the law. [So help me God.]

Upon making the prescribed oath or affirmation, and upon payment of the admission fee established by the Judicial Conference of the United States, the applicant shall be a member of the Bar of this Court. The admissions fee shall be paid by check payable to the "Clerk, U.S. District Court."

* *The bar examination requirement has been suspended. See Administrative Order 2007-05.*

**(c) Board of Bar ~~Examiners~~Admissions and Course of Instruction.**

**(1) Board of Bar ~~Examiners~~ Admissions.**

**(A) Establishment of Board.** There shall be a Board of Bar ~~Examiners~~Admissions which shall administer a course of instruction and an examination on federal practice and practice before this Court, in particular.

**(B) Membership.** The Board of Bar ~~Examiners~~Admissions shall consist of ~~nine (9)~~ eight (8) members or such other number as may be fixed from time to time by the Court. ~~Examiners~~ The Board shall be comprised of individuals who are members of the Bar of this Court and who regularly practice before this Court. The Chair of the Board of Bar ~~Examiners~~Admissions shall be appointed by the Chief Judge.

**(C) Term.** ~~Examiners~~ Board members shall serve staggered three-year terms with the terms of one-third of the ~~Examiners~~ members expiring on May 31 of each year. At the expiration of his or her term, a ~~n Examiner~~ Board member who has served three years or less may be reappointed for one additional three-year term.

**(2) Course of Instruction.** The course of instruction shall cover those subjects determined by the Court, in consultation with the Board of Bar ~~Examiners~~Admissions, and shall include instruction on these Local Rules. Applicants for admission shall be required to attend all sessions unless excused by the Court or by the Chair of the Board of Bar ~~Examiners~~Admissions, for good cause shown.

**(3) Bar Examination.***

**(A) Subjects of Examination.** The Bar examination shall be a written examination consisting of sections corresponding to the subjects covered in the course of instruction.

**(B) Grading.** The Board of Bar ~~Examiners~~Admissions shall be responsible for preparing and grading the Bar examination and for notifying the Clerk of the results.

---

* *The bar examination requirement has been suspended. See Administrative Order 2007-05.*

(C) **Passing Grade.** In order to pass the examination, an applicant must achieve a passing grade on at least all but one section of the examination.

(4) **Procedure for Review of Examination Results.***

(A) Any applicant who has been notified that he or she has failed the examination may request a review of the exam results by sending a letter to the Chair of the Board of Bar ~~Examiners~~Admissions in care of the Clerk, United States District Court. The letter requesting review shall be sent within thirty (30) days of the date of notification.

(B) Each ~~Examiner~~ Board member who has given the applicant a failing grade shall review the applicant's answers and shall either confirm that the applicant failed; or, if warranted, change the grade to a passing grade.

(C) If two or more ~~Examiners~~ Board members confirm that the applicant failed the exam, the applicant shall be offered the opportunity to meet with each such ~~Examiner~~ Board member to review the examination questions, answers and grade.

(D) After any such meeting, if two or more ~~examiners~~ Board members still confirm that the applicant failed, the applicant may, by letter addressed to the Chairman request that the Board of Bar ~~Examiners~~Admissions, *en banc*, review his or her exam and, either:

(i) Overrule any or all of the failing grades; or
(ii) Allow the applicant to retake the examination without waiting an additional year; or
(iii) Allow any other relief that the Board deems fair and just.

(E) If the Board denies the requested relief, the applicant may file a petition for review with the Chief Judge within 30 days after being notified of the denial.

## CROSS-REFERENCE

See LR Gen 203 (Continuing Obligations of Members of Bar).

---

* *The bar examination requirement has been suspended. See Administrative Order 2007-05.*

## LR Gen 203 CONTINUING OBLIGATIONS OF MEMBERS OF BAR

* * *

### CROSS-REFERENCES

See LR Gen 202 (attorney admissions to bar) and LR Gen 215 (reinstatement of bar membership). See Administrative Procedures for Electronic Case filing ¶ 5(d) (separate registration for Court's ECF filing system).

## LR Gen 204 *PRO HAC VICE* COUNSEL

**(a) Authorization to Appear and Practice.** An attorney who is not a member of the bar of this Court may appear and practice before this Court in any case in which the attorney has been admitted to practice *pro hac vice*.

**(b) Eligibility for *Pro Hac Vice* Admission.** In order to be eligible for *pro hac vice* admission, an applicant must:

(1) Be a member in good standing of the bar of another state and another federal district court and the bar in every jurisdiction in which the attorney has been admitted to practice; and

~~(2) Not have been convicted of a "serious crime" as defined in Rule 213(a)(3); and~~

(~~3~~2) Establish, to the satisfaction of this Court, that he or she is otherwise qualified and fit to be admitted to practice *pro hac vice* before this Court.

**(c) Limit on Number.** Unless otherwise permitted by the Court for good cause shown, no more than three (3) *pro hac vice* counsel may be admitted to represent any party in a case.

**(d) Application.** An application for *pro hac vice* admission shall be made by completing and filing a form of motion provided by the Clerk ~~(see Form 1 annexed to these Rules)~~,+ together with a check for the application fee fixed by the Court which shall be payable to the "~~Board of~~ Bar ~~Examiners~~Fund." The application fee will not be refunded if the application is denied.

A motion for *pro hac vice* admission shall be signed both by the applicant and by local counsel affiliated with the applicant.

**(e) Local Counsel.**

(1) In order to be admitted and/or remain as *pro hac vice* counsel, an attorney shall be affiliated with local counsel who is a member of the Bar of this Court and who has entered an appearance as co-counsel.

---

\+ *This change is made in light of the Judges' decision to detach Forms 1, 2 and 3 from the Local Rules, while keeping those Forms separately available to parties.*

(2) Local counsel shall:

(1 A) Sign and be responsible to the Court for the content of all pleadings, motions, and other documents filed or served in the case; and

(2 B) Attend all court proceedings in the case unless excused by the judge for good cause shown; and

(3 C) Be fully prepared to assume sole responsibility for the conduct of the case in the event that *pro hac vice* counsel does not appear when required, has his or her *pro hac vice* status revoked or is unable to continue as counsel for any reason.

(3) In addition to the required signature of local counsel, *pro hac vice* counsel may sign pleadings, motions, and other documents filed or served in the case. *Pro hac vice* counsel may file pleadings, motions, and other documents with the Court, but only if:

(A) the documents have the required signature of local counsel, and

(B) local counsel has given *pro hac vice* counsel permission to affix local counsel's signature.

(4) In order to ensure that local counsel is able to properly perform his or her duties, *pro hac vice* counsel shall consult with, involve and fully inform local counsel with respect to all matters affecting the case.

* * *

**CROSS-REFERENCE**

See LR Gen 201(b)(2) (appearance by *pro hac vice* counsel). See also LR Gen 206(c) (designation of counsel to receive notices).

See also Administrative Procedures for Electronic Case Filing, ¶ 9 (Signatures).

## LR Gen 207 CONFLICT OF COURT APPEARANCES; EXCUSALS

* * *

**(b) Excuse from Court Appearances.**

**(1) How requested.** Counsel who wish to be excused from attendance in this Court at any time(s) shall submit a written request to be excused as far in advance as possible. The request shall be ~~accompanied by four (4) copies and a stamped self-addressed envelope~~ submitted to the Court's electronic mailbox at excusals@rid.uscourts.gov and shall state:

(A) the period of time for which the excuse is requested; and

(B) the reason for the request (e.g. family vacation), except that if the reason involves a matter that is confidential or private, the motion shall so state; and

(c) a list of any matters in which counsel is involved that have been scheduled or that counsel anticipates may be scheduled in this Court during the period for which the excuse is requested.

**(2) Service of Request.** If any matters are scheduled during the period for which an excuse is requested, the request shall be served on all other counsel in those matters. If the request is for a period of more than two weeks, the request shall be served upon counsel in each case pending before this Court in which counsel making the request has entered an appearance. If the time requested is less than two weeks, said request shall be filed with the Court only.

**CROSS-REFERENCE**

See LR Gen 206 (attorney appearances and withdrawals).

**COMMENT**

The amendment to LR Gen 207(b) provides an electronic means of filing requests for court excusals. Excusal requests are **not** to be filed via CM/ECF and must otherwise comply with this rule. Also, the mere filing of the request shall not excuse the requesting attorney's attendance. Rather, the request must be approved by the Court. The request and the Court's action thereon will be posted on the Court's website.

## *II. ATTORNEY CONDUCT AND DISCIPLINE*

* * *

### LR Gen 215 REINSTATEMENT OF MEMBERSHIP

**(a) Application for Reinstatement.**

(1) An individual who has ceased to be a member of the Bar of this Court for any reason, including disbarment, suspension, failure to comply with the requirements for continuation of membership, resignation or failure to renew membership in a timely manner, may apply for reinstatement by filing a completed application for reinstatement on a form provided by the Clerk and paying the applicable reinstatement fee established by the Court.

(2) An attorney who has been suspended also shall file an affidavit of compliance with the provisions of the order of suspension along with the application for reinstatement.

(3) An attorney who has been disbarred after hearing or by consent may not apply for reinstatement until at least five (5) years after the effective date of disbarment.

(4) An attorney who was placed on inactive status because of incapacity also shall file, along with his or her application, a written waiver of any doctor/patient privilege with respect to treatment of the attorney during the period of incapacity. In addition, such attorney shall disclose the name of every psychiatrist, psychologist, physician and hospital or other institution by whom or in which the attorney has been examined or treated for any condition or conditions relating to the incapacity since being placed on inactive status and a written consent authorizing each of them to disclose any relevant information and provide any relevant records requested by the Court or special counsel.

* * *

**CROSS-REFERENCE**

See LR Gen 210(d)(conduct of disciplinary hearing).

-----------------------------------------

# LOCAL RULES APPLICABLE TO CIVIL PROCEEDINGS

## LR Cv 5 FORM AND FILING OF DOCUMENTS

(a) **Form and Content of Documents.** All documents filed in a civil case shall be on 8½" x 11" paper and shall include the following:

(1) **Captions.** Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties. Documents filed after a case is docketed shall also include the name, case number and initial(s) of the judge to whom the case has been assigned.

(2) **Titles.** All documents shall bear a title that concisely states the precise nature of the document and identifies the party filing it.

(3) **Format; Page Numbering.** Unless otherwise provided or ordered by the Court, all documents shall be double-spaced. Where a document is more than one page in length, the pages shall be numbered at the bottom center of each page.

(4) **Jury Demand.** Any pleading containing a demand for a jury trial shall set forth the demand to the right of the caption, below the case number.

(5) **Signing of Pleadings.** All documents filed on behalf of a party shall be signed by counsel representing the party on whose behalf the document is filed, or in the case of parties proceeding *pro se*, by the party himself or herself. The name, address and telephone number of the individual signing the document shall be typed or printed below the signature. Documents filed by attorneys also shall bear the attorney's bar number, and the name, address, fax number and e-mail address of the attorney's law firm.

* * *

(d) **Discovery Documents.** Unless otherwise ordered by the Court, disclosures made under Fed. R. Civ. P. 26(a)(1)-(3), notices of deposition, deposition transcripts, interrogatories, requests for production, requests for admission, and answers and responses thereto, shall not be filed with the Court. The parties in possession of such documents shall be responsible for preserving them and making them available for use at trial and/or for other purposes required by the Court.

* * *

## LR Cv 7 MOTIONS

(a) **Form and Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons why the relief requested should be granted.

(b) **Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ~~ten (10)~~ fourteen (14) calendar days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.

(2) The movant may file and serve a reply memorandum not later than five (5) business ~~ten (10)~~ days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion.

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

(c) **Copies.** With respect to documents that are conventionally filed, t~~T~~wo (2) copies of every motion, objection and reply and memorandum in support, together with any permitted appendices, shall be filed along with the original. The originals shall be retained in the Court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

(d) **Memoranda and Supporting Documents**

(1) **Form of Memoranda.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cv 5(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately ~~tabbed~~ identified and labeled.* **[see Comment, end of Rule]**

**(2) Page Limits.** The judicial officer to whom a case is assigned may establish page limits for any memoranda, appendices or other supporting documents filed in support of or in opposition to any motion. Before filing or objecting to any motion, counsel shall determine what page limits, if any, have been set by such judicial officer.

**(3) Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify any page and format restrictions for memoranda, appendices and/or exhibits shall be made by motion.

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall explain why a lengthier memorandum or appendix is required and state the length of the proposed memorandum. The proposed memorandum shall not be submitted with the motion to exceed page limits and shall not be filed unless and until the motion is granted.

**(4) Record Citations in Administrative Appeals.**

Any memorandum filed in a case involving an appeal from the ruling or determination of an administrative tribunal, including but not limited to Social Security disability determinations, shall include all pertinent citations to the administrative record.

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**CROSS-REFERENCES**

See LR Cv 37 (Motions to Compel Discovery), LR Cv 56 (Motions for Summary Judgment), and LR Cv 72(b)-(d) (objections to rulings and reports and recommendations of magistrate judge).

See also LR Gen 102 (motions to seal documents); LR Cr 12 (discovery motions in criminal cases) and LR Cr 47 (motions generally in criminal cases).

See generally F. R. Civ. P. 6(a) (computation of time); Administrative Procedures for Electronic Case Filing, ¶ 10(e) (service by electronic means treated same as service by mail for purpose of adding 3 days pursuant to F.R.Civ.P. 6(e)).

***COMMENT**

The purpose of the amendment to subsection (d)(1) is to bring that provision into conformity with the Court's Electronic Case Filing procedures. It is envisioned that, as to documents filed under the Court's CM/ECF procedure, the identification and labeling of each separate exhibit can and will be done electronically.

## LR Cv 16 INITIAL SCHEDULING CONFERENCE

**(a)** **Initial Scheduling Conference.** The initial scheduling conference referred to in Fed. R. Civ. P. 16(a) may be conducted by the district judge to whom a case is assigned, or the magistrate judge assigned to the case.

~~**(b)** **Preparation for Initial Scheduling Conference.** In order to permit an informed discussion at the initial scheduling conference and in order to facilitate possible settlement of the case, counsel shall meet and confer prior to the conference and shall:~~

~~(1) Exchange relevant information and documents.~~

~~(2) Identify the facts that are in dispute.~~

~~(3) Identify the legal issues.~~

~~(4) Develop a plan for discovery.~~

~~(5) Explore the possibility of settlement.~~

~~(6) Discuss whether the case should be referred to a magistrate judge for a settlement conference or to the administrator of the Alternative Dispute Resolution ("ADR") program for some other form of ADR.~~

**(b ~~c~~)** **Statement of Claims.** At least five (5) days before the conference, counsel for each party asserting a claim (including a counterclaim, cross claim and/or affirmative defense) shall ~~deliver to~~ file with the Court a brief (2-3 page) written statement listing the elements, with a short description of the facts in support thereof, that must be proven in order to prevail on that claim, counterclaim or defense.

**(c ~~d~~)** **Attendance of Counsel.** Lead counsel and any local counsel are required to attend the conference, unless explicitly excused by the Court prior to the conference.

### CROSS-REFERENCES

See LR Cv 26 (Discovery). See also LR Gen 206(c)(notices to counsel) and LR 206(d) (designation of lead counsel).

## LR Cv 23 CLASS ACTIONS

Any pleading asserting a claim by or against a class shall:

(a) bear, next to the caption, the designation "Class Action"; and

(b) contain a section entitled "Class Action Allegations" immediately after the allegation of jurisdictional grounds, which section shall contain:

(1) a reference to the specific provision(s) in Rule 23(b) of the Federal Rules of Civil Procedure under which it is claimed that the action may be brought as a class action; and

(2) sufficient allegations to support the claim that the action may be brought as a class action, including but not limited to:

(A) the number or approximate number of the members of the class;

(B) a description of who is in the class;

(C) the basis upon which it is claimed that the party asserting the claim will fairly and adequately protect the interest of the class, or, if the claim is asserted against a class, that the named members of the class will fairly and adequately protect the interests of that class; and

(D) the questions of law or fact claimed to be common to the class.

## LR Cv 26 DISCOVERY

(a) **Discovery Conference.** Unless the Court otherwise orders, within ten (10) days after the last answer or responsive pleading has been filed by all parties against whom claims have been asserted, the parties shall confer for the purposes specified by Fed. R. Civ. P. 26(f); provided, however, that if in lieu of an answer, a motion is filed that, if granted, would dispose of the entire case, the time for the parties' conference may be deferred until not later than ten (10) days after such answer or pleading is thereafter filed.

(b) **Discovery Plan.** Counsel may, but are not required to, present any written discovery plan. However, counsel shall be prepared to present any discovery plan verbally at the initial Rule 16 conference.

<u>(c)</u> <u>**Close of Discovery.** Unless the Court otherwise orders, pretrial discovery must be completed by the discovery closure date.</u>

**CROSS-REFERENCES**

<u>See</u> <u>also</u> LR Cv 16 (initial scheduling conference), LR Cv 33 (interrogatories), LR Cv 34 (requests for production), LR Cv 36 (admissions), and LR Cv 37 (Motions to Compel Discovery).

## LR Cv 56 MOTIONS FOR SUMMARY JUDGMENT

**(a) Statement of Undisputed Facts.**

(1) In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law.

(2) Each "fact" in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed.

(3) For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion. An objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute, in accordance with the requirements of Section (a)(2).

(4) An objecting party also may file a Statement of ~~Disputed and/or~~ Undisputed Facts setting forth ~~disputed facts and/or~~ additional undisputed facts that the objecting party contends preclude summary judgment. Such statement shall be prepared in accordance with the requirements of paragraph (a)(2). ~~Any denied or controverted fact must be supported by affidavit or other evidentiary materials.~~

**(b) Supporting Documents.** Unless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments.

**(c) Successive Motions.** No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown.

## CROSS-REFERENCE

See LR Cv 7 (form of motions and memoranda in support).

## LR Cv 67 PARTIES' FUNDS DEPOSITED WITH CLERK OF COURT

**(a) Procedure for Deposit of Funds.**

(1) Any party who seeks to deposit funds into the Registry of the Court pursuant to Title 28 U.S.C. § 2041 or Fed. R. Civ. P. 67 or other rule or law must first file a motion in the form required by LR Cv 7. The motion must be accompanied by a proposed order specifying the amount of funds to be deposited, the name and address of a local financial institution into which the funds are to be deposited, and the type of account desired. The financial institution and the type of account must be approved in advance by the Clerk of Court.

(2) The motion and proposed order shall be served on all other parties of record in the case.

(3) Upon the granting of the motion, the party shall promptly deliver to the Clerk's Office a check for the amount to be deposited, together with a copy of the signed order.

**(b) Procedure for Withdrawals and Fund Transactions.** Any party seeking to withdraw monies from the Registry of the Court must file and serve a motion for the withdrawal of monies from the Registry, together with a proposed order stating the exact amount to be disbursed to each party, and <u>a separate list containing</u> each party's name, address and tax identification number. <u>The proposed order and separate list shall not be electronically filed.</u> All transactions regarding Registry funds shall be made only with the approval of the Court.

**(c) Deduction of Court Fees.** Any order obtained by a party that directs the Clerk to invest in an interest-bearing account or investment funds deposited in the Registry of the Court shall contain wording which directs the Clerk to deduct from the income earned on the funds deposited or invested a fee in the amount of ten percent (10%) of the income earned, whenever such income becomes available for such deduction, and without further order of the Court. Such a provision shall be included in the order regardless of the nature of the case in which the deposit was made.

**CROSS-REFERENCES**

<u>See</u> Local Rule 7 (Motions).

<u>See</u> <u>also</u> 28 U.S.C. §§2041-2043 (deposit and withdrawal of court registry funds).

# LOCAL RULES APPLICABLE TO CRIMINAL PROCEEDINGS

## LR Cr 11 PLEAS AND PLEA AGREEMENTS

**(a) Time and Form.** In cases where a plea agreement is reached, the government shall notify the Court of the existence of the plea agreement as soon as possible and file a written plea agreement with the Court at least one (1) week prior to jury empanelment. The Court will consider the timeliness of the filing of a plea agreement when determining whether, in calculating the guideline sentence range, the defendant should receive a reduction for acceptance of responsibility. The Court will not accept any plea agreement that is not in writing.

~~**(b) Disclosure of Defendant's Medication.** At least two (2) days before the plea hearing, defense counsel shall provide the presiding judicial officer with a certificate indicating whether the defendant is currently taking any medication. The certificate shall be substantially in the form set forth in **Form 2** annexed to these Rules. If the defendant is taking medication, the certificate shall include a statement that counsel has ascertained from appropriate medical personnel that the medication does not impair the defendant's ability to enter into a plea agreement.~~

## LR Cr 32 SENTENCING AND PRESENTENCE REPORTS

(a) **Sentences Outside of the Guideline Range.** Any request for a sentence outside of the applicable guideline range shall be made by a motion filed and served at least eleven (11) ~~seven (7)~~ days prior to the date scheduled for sentencing and shall be accompanied by a memorandum setting forth the factual and legal grounds for the request.

(b) **Sentencing Witnesses; Expert Report.** If defense counsel intends to present any witness, including any expert witness and/or any report produced by an expert, at the sentencing hearing, counsel shall inform the Court and the government of such intent and shall provide the government with a copy of any such report at least seven (7) days prior to the sentencing hearing, unless otherwise ordered.

(c) **Presentence Investigative Report.**

(1) **Receipt of the Report**. For purposes of Rule 32(f) of the Federal Rules of Criminal Procedure, the presentence report shall be deemed to have been received by the parties at the earlier of:

(A) when a copy of the report is physically delivered to such party or counsel representing such party,

(B) one day after the report's availability has otherwise been made known to a party or counsel, or

(C) three (3) days after a copy of the report or notice of its availability is mailed to such party or counsel representing such party.

(2) **Confidentiality of Presentence Reports.**

(A) Presentence reports prepared pursuant to Fed. R. Crim. P. 32(d) shall not be disclosed by the Probation Office or made public except:

(i) to the defendant or his counsel, to the United States Attorney, or to agencies with statutory responsibilities requiring review of a report; or

(ii) as may be ordered by the Court.

(B) When a demand for disclosure of a presentence report and/or for testimony regarding a presentence report is made by way of subpoena or other judicial process to a probation officer of this Court, the probation officer shall file a petition seeking instruction from the Court with respect to responding to the subpoena. No disclosure shall be made except upon an order issued by this Court.

**CROSS-REFERENCE**

See LR Cr 11 (Pleas). See also LR Gen 102 (Motions to Seal).

## LR Cr 44.1 REPRESENTATION OF MULTIPLE DEFENDANTS

(a) **In General.** Unless otherwise expressly permitted by the Court, no attorney, or group of attorneys who are associated together in the practice of law, shall represent multiple defendants or targets of a grand jury investigation in the same criminal case.

(b) **Certification.** In order to assist the Court in determining whether joint representation should be permitted, counsel seeking to provide joint representation shall provide the Court with the following:

(1) a written certification by counsel that, after careful investigation of potential conflicts of interest, it is clear that no actual conflict is foreseeable; and

(2) a written certification by each person to be represented, giving informed consent to such multiple representation and waiving the right to separate representation and, when applicable, waiving the attorney/client privilege.

Such certifications shall be in a form substantially as set forth in a form to be provided by the Clerk's Office. ~~Form 3 annexed to these rules.~~+

**CROSS-REFERENCES**

See LR Cr 44 (Proceedings Involving an Indigent Defendant).

See also LR Gen 209 (Basis for Disciplinary Action).

+ *This change is made in light of the Judges'decision to detach Forms 1, 2 and 3 from the Local Rules, while keeping those Forms separately available to parties.*

## LR Cr 47 MOTIONS

(a) **Form and Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons that [why] the requested relief should be granted.

(b) **Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a memorandum setting forth the reasons for the objection and any applicable points and authorities supporting the objection.

~~(2) The movant may file and serve a reply memorandum not later than ten (10) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments originally made in support of the motion.~~

(~~3~~ 2) No memorandum other than a memorandum in support of a motion~~,~~ and a memorandum in opposition~~, and a reply memorandum~~ may be filed without prior leave of the Court.

(c) **Copies.** With respect to documents that are conventionally filed, t~~T~~wo (2) copies of every motion, objection and reply and memorandum in support, together with any permitted appendices, shall be filed along with the original. The originals shall be retained in the Court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

(d) **Memoranda and Supporting Documents.**

(1) **Form of Memoranda.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cr 57(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately ~~tabbed~~ identified and labeled.* **[see Comment, end of Rule]**.

(2) **Page Limits.** The judicial officer to whom a case is assigned may establish page limits for any memoranda, appendices or other supporting documents filed in support of or in opposition to any motion. Before filing or objecting to any motion, counsel shall determine what page limits, if any, have been set by such judicial officer.

(3) **Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify any page and format restrictions for memoranda, appendices and/or exhibits shall be made by motion.

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall state the reasons for the request and the number of pages in the proposed document(s). The proposed document(s) shall not be submitted unless and until the motion to exceed is granted.

(e) **Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**CROSS-REFERENCES**

See LR Cr 12 (Pretrial Motions) and LR Cr 57(a)(form of documents filed).
See also LR Gen 102 (filing and sealing of confidential documents) and LR Cv 7 (motions in civil cases).

See generally F. R. Crim. P. 45(a) (computation of time): Administrative Procedures for Electronic Case Filing, ¶ 10(e) (service by electronic means treated same as service by mail for purpose of adding 3 days pursuant to Fed.R.Crim.P. 45(c)).

***COMMENT**

The purpose of the amendment to subsection (d)(1) is to bring that provision into conformity with the Court's Electronic Case Filing procedures. It is envisioned that, as to documents filed under the Court's CM/ECF procedure, the identification and labeling of each separate exhibit can and will be done electronically.

## LR Cr 57 FORM AND FILING OF DOCUMENTS

(a) **Form and Content of Documents.** All documents filed in a criminal case shall be on 8½" x 11" paper and shall include the following:

(1) **Captions.** All documents containing the caption of a case shall include the full caption showing the names of all parties. Documents filed after a case is docketed also shall include the name, case number and initial(s) of the Judge to whom the case has been assigned.

(2) **Titles.** All documents shall bear a title that concisely states the precise nature of the document and identifies the party filing it.

(3) **Format; Page Numbering.** Unless otherwise provided or ordered by the Court, all documents shall be double-spaced. Where a document is more than one page in length, the pages shall be numbered at the bottom center of each page.

(4) **Signing of Documents.** All documents filed on behalf of a party shall be signed by counsel representing the party on whose behalf the document is filed, or in the case of a defendant proceeding *pro se*, by the defendant himself or herself. The name, address and telephone number of the individual signing the document shall be typed or printed below the signature. Documents filed by attorneys shall also bear the attorney's bar number, and the name, address, fax number and e-mail address of the attorney's agency or law firm.

(b) **Criminal Cover Sheet.** When an information or indictment or any other document in a criminal case that requires a file to be opened is filed, the government shall contemporaneously file a completed criminal action cover sheet describing the type of case and identifying any related case previously filed or pending in this Court. The Clerk may reclassify a case if the cover sheet does not accurately describe its type.

**CROSS-REFERENCE**

See LR Cv 5 (form and filing of documents in a civil case).

# FORMS

**[Forms 1, 2 and 3 are no longer appended to these Local Rules.**

**These Forms are available on the Court's website**
**or on request at the Clerk's Office.]**