**ANTHONY M. TRAINI, P.C.**
**ATTORNEY AT LAW**

56 PINE STREET - SUITE 200 • PROVIDENCE, RI 02903-2819 ■ TELEPHONE (401) 621-4700 • FAX (401) 621-5888
E-MAIL: amt@atrainilaw.com

DELIVERED BY HAND

11 February 2008

Hon. David A. DiMarzio, Clerk
United States District Court
District of Rhode Island
Kennedy Plaza
Providence, RI 02903

RECEIVED
FEB 13 2008
David A. DiMarzio, Clerk of Court
U.S. District Court
District of Rhode Island

Re: Local Rules Amendments

Dear David:

Consistent with the several conversations we have had recently about LR Gen 204, and the recently proposed amendment removing former section 204(b)(2), I wish to first thank you and the Rules Committee for your favorable consideration of my comment on the Rule. In reviewing the amendment, I noticed something that (as you and I discussed at the last Federal Bench/Bar Committee meeting) may create an issue with giving effect to the proposed amendment.

As you know, the Rule continues to call for the filing of a form of motion (Form 1) provided by the Clerk's office. That form is the one that has been historically used for *pro hac vice* (PHV) motions, and according to the amendment has now (along with other forms) been detached from the Rules, although I assume it will still be required as the means for bringing a PHV application to the Court.

In looking at the form, I see that paragraph 3 of the Attorney's Certification section contains the same request for information that was deleted from the Rule by the recent proposed amendment [i.e., former section 204(b)(2)]. As you are aware from our discussions, my concern is that the form, whether or not detached from the Rule, will require the public disclosure of disciplinary or other material that may be harmful to the reputation of the attorney filing the motion, prejudicial to the case in which the motion is filed, or become the subject of media attention, particularly in the context of a high profile case. I believe that this would be unfair to the parties and to the particular attorney involved and could, especially in the media-heavy cases, create other issues that could be prejudicial but completely irrelevant, requiring some intervention by the Court.

Although many District Courts, including Massachusetts[1] the Southern and Eastern Districts of New York[2], New Hampshire[3] and Maine[4], require only current good standing, I understand that the information requested in paragraphs (2) and (3) of the present Form 1 Attorney's Certification may nevertheless be relevant to our Court's determination of fitness to practice here. In order to simultaneously alleviate the Court's concerns and those I reference above, I respectfully suggest to you the following:

If a motion for PHV admission is to be made at all, it will obviously be in a pending case to which a judge has already been assigned. If the motion would otherwise contain information in response to (what are now) paragraphs (2) or (3) of the Attorney's Certification section, a request could be made preliminarily to the Judge assigned to the case by correspondence directed to that Judge, requesting permission to file a PHV application and explaining the circumstances of any matter that would otherwise be the subject of the present paragraphs (2) or (3). If the Judge favorably considers the request, his/her Clerk could notify the attorney that s/he may file a motion for PHV admission using a new Form 1 (as I have requested that it be amended below), and that motion can proceed through the normal course (i.e., electronic filing, docketing, approval, etc.), like all others. Obviously, if the Judge feels that PHV admission of the particular attorney would be inappropriate, the Judge can refuse permission to file the motion, thereby entirely avoiding the issues of concern I raise, without prejudice, embarrassment or unnecessary disclosure of sensitive information, and without resort to the cumbersome procedure of filing under seal.

In order to accomplish this, I respectfully suggest that Form 1 be modified as follows: first, that paragraph (2) of the Attorney's Certification be amended to say:

---

[1]The District of Massachusetts requires only that an applicant be a member in good standing of the United States District Court in the District from which s/he applies and that the attorney has no disciplinary actions then pending. See, D.Mass. LR 83.5.3(b). [Apparently there is a presumption that if an attorney is certified to be in good standing at the time of the application (including, for example, a reinstatement following disciplinary action), previous issues must have been resolved and are no longer material].

It is noteworthy that a similar presumption must be at work in the case of government attorneys, since they are absolved entirely from the PHV requirements. See, LR Gen 201(b)(1).

[2]See, S.D.N.Y., Loc.Civ.R. 1.3(c) and Loc.Crim.R. 1.1(b).

[3]See, D.N.H. LR 83.2b.1.

[4]See, D.Me. LR 83.1(c)(1).

> There are no disciplinary actions pending against me at this time. (If applicant has ever been sanctioned, disciplined, convicted of any crime other than minor traffic offenses, or had any *pro hac vice* status revoked, a request for permission to file a motion under this rule, including a full explanation of the circumstances, shall first be made in writing to the chambers of the Judge assigned to the case in which admission is sought.)

and second, that paragraph 3 be deleted[5].

I believe that the procedure I have suggested will effectively eliminate any problem associated with public disclosure of sensitive (and, in some cases, confidential[6]) information, and will not impose any burden on the court or the clerk's office. Although I do not know how many PHV applications are filed annually, this procedure will have no effect on that number, except perhaps to reduce it. As to what I suspect are the few PHV applications filed by attorneys who would have been required to make disclosures in response to paragraphs 2 or 3 of the present Form 1, the Court would have to give those the same consideration under my suggestion as it does now. (In other words, making a decision on those applications is not something that would ordinarily be done by the clerk's office without direction from the court.) The only difference (other than the treatment of privacy considerations) between my suggestion and the present procedure is that the Judge's Clerk would advise the applicant that s/he may—or may not—file the motion.[7]

I believe that my suggestion makes it possible for the Court to deal with these matters privately, and that it makes sense, for the variety of reasons stated above, to do it that way. I would be pleased to discuss the matter with you, members of the Rules Committee, and/or Chief Judge Lisi if you feel it necessary or helpful. As always, I appreciate your thoughtful consideration of my comments.

Respectfully,

Anthony M. Traini

---

[5]Eliminating paragraph (3) is required to make Form 1 consistent with the amendment to the Rule; additionally, the information sought by paragraph (3) is now included in paragraph (2), as I have suggested it be amended.

[6]There are some circumstances where disciplinary action has not become public, as in the case of private reprimands.

[7]Under either the present procedure or following my suggestion, the Judge always has the ability to request additional information from the applicant.