EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

**Patricia A. Sullivan**
401.276.6437
*fax* 888.325.9067
psullivan@eapdlaw.com

September 3, 2008

The Honorable Mary M. Lisi
Chief Judge of the United States District Court
United States District Court
One Exchange Terrace
Providence, RI 02903

**Re: <u>Annual Report of the Local Rules Review Committee</u>**

Dear Chief Judge Lisi:

As the co-chairs of the Local Rules Review Committee, on behalf of the Committee, we hereby submit the enclosed Annual Report of the Local Rules Review Committee ("Report"). Pursuant to L.R. Gen. 113(b)(1), this Report constitutes the Committee's Annual Report to the Court on proposed amendments to the Local Rules. This Report was adopted by vote of the Committee at its final meeting on August 25, 2007.

As in 2007, the Committee worked through its Subcommittees, each of which was charged with responsibility either for specific groups of Local Rules or for a specific issue.

The working Subcommittees were as follows:

Criminal Rules Subcommittee, chaired by Gerard Sullivan
General Rules Subcommittee, chaired by David Wollin
Civil Rules Subcommittee, chaired by Dan Prentiss
ECF Subcommittee, chaired by Christopher Little

The Committee solicited comments from the Bar and the Bench, which were referred to the Subcommittees for analysis and recommendation. In light of other changes in progress affecting electronic filing, the ECF Subcommittee was asked not to convene or submit a report.

Apart from the ECF Subcommittee, each Subcommittee reported in writing to the Committee its recommendations with respect to each comment received. These reports were presented to the Committee. As a result of this process, the Local Rules Review Committee has prepared its

EDWARDS ANGELL PALMER & DODGE LLP



Report, which is attached at Tab A. The Final Report includes Attachment A referring to the Court's extension of the due date for the Report.

The minutes of the Committee and the reports from each of the Subcommittees to the Local Rules Review Committee are attached at Tab B.

In closing, we note the extraordinary contribution to the Committee made by Paul Goodale. Without his efforts, this Report would not have been possible.

Respectfully submitted,

Patricia A. Sullivan

Jeffrey G. Schreck

cc: David A. DiMarzio, Clerk

Enclosures (three copies of Report and Minutes)

# ATTACHMENT A

# LOCAL RULES REVIEW COMMITTEE
## OF THE DISTRICT OF RHODE ISLAND

# FINAL REPORT CONCERNING

# PROPOSED AMENDMENTS TO LOCAL RULES

**September 3, 2008**

## General/Attorney Local Rules

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action* |
|---|---|---|---|
| LR Gen 101(b) | Technical change to acknowledge amendments.<br>Proposal:<br>"**Effective Date.** These Local Rules shall become effective on January 1, 2006, and shall apply to all cases then pending and thereafter filed<u>, subject to any amendments adopted thereafter</u>.<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Gen 101(g) | The term "conventionally filed," when referring to documents, appears three (3) times in the local rules, but it is not defined. It is defined in the CM/ECF Administrative Procedures, and until those procedures are incorporated into the local rules, it would be cleaner to define the term by adding a new subsection (g) to LR Gen 101 and to add a cross reference to the CM/ECF Administrative Procedures.<br>Proposal:<br><u>**"(g) Conventionally filed."** As used in these Rules, the term "conventionally filed" refers to documents presented to the Court in paper or other non-electronic format.</u><br>**CROSS-REFERENCES**<br><u>See LR Gen 113(e) . . .</u><br><u>See also Administrative Procedures for Electronic Case Filing, ¶ 1(f)."</u><br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Gen 106(c)<br>LR Gen 106(d) | Since our Court is given access to the CM/ECF dockets of the referring court, our deputy clerks are able to run pending motion reports. Therefore, this provision no longer seems necessary.<br>Proposal: Strike all of current subsection (c), and renumber (d) as follows:<br>"~~**(c) Notification of Pending Matters.** When a case is referred to this District, the Clerk of this Court shall direct the parties to notify the Court in writing within fifteen (15) days of any pending motions or other matters in the case that require action by the Court. If no such notification is received, the Clerk shall terminate any pending motions or matters as "passed." The documents with respect to any pending motions or matters for which notification is received shall be separated by the Clerk and re-filed as of the date of receipt of the notice.~~<br>(<u>c</u> ~~d~~) **Trials and Other Proceedings.** . . ."<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |

*** Refers to Full Committee's action <u>on the proposed change</u>, not necessarily on Subcommittee's recommendation.**

## General/Attorney Local Rules (cont'd)

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| LR Gen 109(f)(6) | This subsection should be modified to reflect the electronic transmission by the Bankruptcy Court of the bankruptcy record on appeal.<br>Proposal:<br>**Record on Appeal.** In addition to any other applicable requirements, ~~an appellant, including a party whose motion for leave to appeal has been granted~~ <u>the Bankruptcy Court clerk</u> shall ensure that the record <u>electronically</u> transmitted ~~by the bankruptcy clerk~~ to the District Court clerk includes:<br>(A) *[no change]*<br>(B) *[no change]*<br>(C) the record on appeal, as to which the appellant shall ~~be responsible for seeing that each document is tabbed and~~ <u>provide the Bankruptcy Court clerk with documents</u> arranged in reverse chronological order so that the documents appear in the same order as shown on the docket sheet;<br>(D) *[no change]*<br>(E) a ~~certified~~ copy of the docket sheet.<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Gen 202(a)(1) | Minor edit in phrasing.<br>Proposal:<br>(1) "Be a member ~~of~~ <u>in</u> good standing . . ."<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Gen 203(a)(1)<br>LR Gen 203(a)(2) | The current language seems to require members of our bar to maintain memberships in <u>all</u> bars to which they were admitted at the time of their application for admission to our bar. However, the only bar that is absolutely required for admission to our bar is the R.I. state bar. This language prevents our bar members from dropping their membership in other bars and should be changed.<br>Also, add the word 'suspended' in para. (a)(2).<br>Proposals:<br>**General.** Unless otherwise permitted by the Court for good cause shown, in order to remain a member in good standing of the bar of this Court, an attorney must:<br>"(1) remain a member in good standing of the ~~Court(s) that provided the certificate(s) referred to in LR Gen 202(b)(1)~~ <u>Bar of the Supreme Court of the State of Rhode Island and all other bars in which the member maintains an active status</u>; and<br>(2) not be <u>suspended</u>, disbarred or found unfit, for any reason, to continue practicing law . . ." | After review of these provisions, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |

| | | | |
|---|---|---|---|
| | *District Court Staff* | | |

## General/Attorney Local Rules (cont'd)

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| LR Gen 203(d)(3)(A) | The phrase, "subjected to any disciplinary action," in the 5th line seems vague and raises questions about pending disciplinary investigations that may not result in any disciplinary action. It is recommended that the phrase be changed to, "been disciplined."<br>Proposal:<br>(3) **Method of Registration.** A member shall register by:<br>(A) Completing and filing the registration form provided by the Clerk, which form shall include: . . .<br>(ii) a statement as to whether the attorney has been convicted of a serious crime as defined in LR Gen 213(a)(3) or ~~subjected to any disciplinary action~~ <u>been disciplined</u> by any other court or body having disciplinary authority over attorneys; and . . . "<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Gen 204(d) | The Clerk's Office has implemented a new procedure that separates the "motion" for pro hac vice admission from the "application" form. Therefore, the language of this subsection should be changed to reflect this new procedure.<br>Proposal:<br>"**Application.** An application for pro hac vice admission shall be made by completing a form ~~of motion~~ provided by the Clerk..."<br>*District Court Staff* | After review of this provision, the General Rules subcommittee had no comments concerning this proposed change. | **PROPOSED CHANGE ACCEPTED** |

## Civil Local Rules

| **Rule Number** | **Comment Received** | **Subcommittee Recommendation** | **Full Committee Action** |
| --- | --- | --- | --- |
| LR Cv 5 | Since the issue of incorporating the "Administrative Procedures for Electronic Case Filing" into the local rules won't be formally presented to the L.R. Review Comm. until its next cycle, a "cross reference" should be added to this rule (and to LR Cr 57) alerting practitioners to the existence of those procedures.<br>Proposal:<br>"**CROSS REFERENCES**<br><u>See generally Administrative Procedures for Electronic Case Filing.</u>"<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 5(a)(3) | LR Cv 7(d)(1) contains a provision concerning minimum font sizes for memoranda. This should be the minimum for all documents filed with the Court, and similar language should be added to this subsection (and to LR Cr 57(a)(3)).<br>Proposal:<br>"**Format; Page Numbering.** Unless otherwise provided or ordered by the Court, all documents shall be double-spaced <u>and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced.</u> Where a document is more than . . ."<br>*District Court Staff*<br>*NOTE: This action renders the language in LR Cv 7(d)(1) repetitive and unnecessary.* ***See conforming amendment to that provision below.*** | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 5.1(b)(2) | With respect to the appointment or reappointment of private process servers, our current procedure does not require an "application form," but merely an affidavit, as the affidavit contains all of the information we require for appointment or reappointment (the latter is most often the case). Therefore, the requirement of an application form should be removed from this subsection.<br>Proposal:<br>"To be considered for appointment, an applicant shall file ~~an application on a form provided by the Clerk, together with~~ an affidavit setting forth..."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |

## Civil Local Rules (cont'd)

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| LR Cv 7 | A more complete, descriptive title to this rule (and to LR Cr 47) would be: "Motions, Objections & Supporting Documents."<br>Proposal:<br>"**LR Cv 7 MOTIONS, OBJECTIONS & SUPPORTING DOCUMENTS**"<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 7(d)(1) | If the proposed amendment to LR Cv 5(a)(3) is adopted (noted above), the first two sentences of LR Cv 7(d)(1) become superfluous. So, amend this provision as follows:<br>Proposal:<br>(1) **Form of Memoranda.** ~~The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition,~~ All memoranda of law, as well as all motions, objections and replies, shall conform with the requirements of LR Cv 5(a) of these Rules. . . .<br>*District Court Staff* | The Civil Rules subcommittee HAS NOT REVIEWED this proposed change, but it has endorsed the broader change to LR Cv 5(a)(3) from which this change flows. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 7.1 | There should be a general cross-reference to the "Administrative Procedures for Electronic Case Filing."<br>Proposal:<br>"**CROSS REFERENCES** . . .<br>See generally Administrative Procedures for Electronic Case Filing."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 33 | As in the current LR Cv 34 and 36, there should be a separate subsection (c) that addresses "Objections."<br>Proposal:<br>"(c) **Objections.** Each objection and the grounds therefor shall be stated separately. When an objection is made to any interrogatory, or sub-part thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection shall be deemed waived."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |

## Civil Local Rules (cont'd)

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| LR Cv 56(a)(1) | Pursuant to the Court's Order dated April 10, 2008, insert the word "separate" when referring to the moving party's Statement of Undisputed Facts.<br>Proposal:<br>"In addition to the memorandum of law required by LR Cv. 7, a motion for summary judgment shall be accompanied by a separate Statement of Undisputed Facts that concisely sets forth..."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 56(a)(2) | Additional language should be added to the beginning of this subsection to emphasize the need to file the Statement of Undisputed Facts as a separate document.<br>Proposal:<br>"The Statement of Undisputed Facts shall be filed as a separate document with the motion and memorandum. Each "fact" ~~in a Statement of Undisputed Facts~~ shall be set forth. . . ."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed change and recommends adoption by the Court. | **PROPOSED CHANGE ACCEPTED** |
| LR Cv 56(a)(4)** | The latest proposed amendment to this provision entails revising para. (a)(4) and adding a new (a)(5), as follows:<br>"(4) If an objecting party contends that there are additional undisputed facts not contained in the moving party's statement of undisputed facts which preclude summary judgment, that ~~An objecting~~ party shall ~~also~~ file a separate Statement of Undisputed Facts setting forth such additional undisputed facts. Such statement shall be prepared in accordance with the requirements of paragraph (a)(2), except that the additional undisputed facts shall be numbered consecutively to the moving party's undisputed facts.<br>(5) If an objecting party files a *separate* statement of additional undisputed facts and the movant contests any of those facts, the movant shall file a *separate* statement setting forth what additional facts are disputed, numbered correspondingly to the opposing party's additional undisputed facts, at the same time it files its reply memorandum pursuant to LR Cv 7(b)(2)."<br>*District Court Staff* | The Civil Rules subcommittee endorses the proposed changes and recommends their adoption by the Court. | **PROPOSED CHANGE ACCEPTED AS MODIFIED:**<br>The word "separate" was added in para. (5), lines 1 and 2 (as shown in *italics*) |
| LR Cv 56(a)(4) | "There may be an error in the language of LR Cv 5[6](a)(4). Wouldn't the opposing party be filing a statement of "disputed" facts ?"<br>*Attorney Marion McKettrick*<br>*NOTE: This concern may be alleviated by the current proposed amendment to LR Cv 56(a)(4).* | The Civil Rules subcommittee had no specific response to this comment. | **COMMENT NOTED**<br>and deemed addressed by proposed amendments to this provision |

**** See attachment A for a further explanation of this amendment.**

## Criminal Local Rules

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
| --- | --- | --- | --- |
| LR Cr 44(a)(2) | Under the Court's CJA Plan and current procedure, no written request to the Chief Judge is required when the Federal Defender is unable to represent a defendant due to a conflict of interest, and the language contained in this subsection to that effect should be removed.<br>Proposal:<br>"If the Federal Defender is unable to represent the defendant due to a conflict of interest or for any other reason, the Federal Defender shall ~~submit a written~~ request ~~to the Chief Judge~~ that a CJA Attorney be appointed to represent the defendant."<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 46(a)(2) | Since the Court does not, as a matter of practice, accept bail bondsmen, this subsection should be removed, and subsection (3) should be renumbered "(2)."<br>Proposal:<br>"~~(2) the guaranty of a company or corporation holding a certificate of authority from the Secretary of the Treasury pursuant to 31 U.S.C. § 9304 et seq; . . .~~<br>"(~~3~~ 2) the guaranty of an individual resident . . ."<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 47 | As with LR Cv 7, a more complete, descriptive title to this rule would be, "Motions, Objections & Supporting Documents."<br>Proposal:<br>**"LR Cr 47 MOTIONS, OBJECTIONS & SUPPORTING DOCUMENTS"**<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 47(b)(2) | LR Cr 47(b)(2) Since, unlike civil practice, a reply memorandum in a criminal case may only be filed with prior leave of the Court, it would helpful to emphasize this rule in the language of this subsection.<br>Proposal:<br>"~~No memorandum~~ Other than a memorandum in support of a motion and a memorandum in opposition, no memorandum (including a reply memorandum) may be filed without prior leave of the Court."<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |

PRV 971631.1

## Criminal Local Rules (cont'd)

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| LR Cr 47(d)(1) | If the proposed amendment to LR Cr 57(a)(3) is adopted (see below), the first two sentences of this subsection become superfluous. So, amend as follows:<br>Proposal:<br>(1) **Form of Memoranda.** ~~The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12 point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition,~~ All memoranda of law, as well as all motions, objections and replies, shall conform with the requirements of LR Cr 57(a) of these Rules. . . .<br>*District Court Staff* | The Criminal Rules subcommittee HAS NOT REVIEWED this proposed change, but it has endorsed the broader change to LR Cr 57(a)(3) from which this change flows. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 47.1 | There should be a general cross-reference to the "Administrative Procedures for Electronic Case Filing."<br>Proposal:<br>"**CROSS REFERENCES**<br>See generally Administrative Procedures for Electronic Case Filing."<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 57 | Since the issue of incorporating the "Administrative Procedures for Electronic Case Filing" into the local rules won't be formally presented to the L.R. Review Comm. until its next cycle, a "cross reference" should be added to this rule (and LR Cv 5) alerting practitioners to the existence of those procedures.<br>Proposal:<br>"**CROSS REFERENCES**<br>See generally Administrative Procedures for Electronic Case Filing."<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |
| LR Cr 57(a)(3) | LR Cr 47(d)(1) contains a provision concerning minimum font sizes for memoranda. This should be the minimum for all documents filed with the Court, and similar language should be added to this subsection.<br>Proposal:<br>"**Format; Page Numbering.** Unless otherwise provided or ordered by the Court, all documents shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. Where a document is more than..."<br>*District Court Staff*<br>*NOTE: This amendment renders the language in LR Cr 47(d)(1) repetitive and unnecessary. Similar language is proposed for LR Cv 5(a)(3).*<br>*District Court Staff* | After review of this provision, the Criminal Rules subcommittee expressed no opposition to this proposed change. | **PROPOSED CHANGE ACCEPTED** |

## In General

| Rule Number | Comment Received | Subcommittee Recommendation | Full Committee Action |
|---|---|---|---|
| In General | The Civil Rules subcommittee recommends that the Local Rules Review Committee submit to the Court a request that the Court meet with designees of the Committee following the submission of the Committee's annual report to the Court, and before the Court acts, particularly to the extent that the Court is considering either rejection of any proposed changes recommended to the Court by the Committee or alteration of an existing rule. The purpose of the meeting would be to permit a dialogue between the Court and the Committee to clarify the Committee's analysis and intentions regarding any recommended amendments to the Local Rules, as well as to make the Court aware of the impact of a proposed change on local practice.<br>-- *Civil Rules Subcommittee* | | **PROPOSED CHANGE ACCEPTED** |

ATTACHMENT A to 2008 Final Report of Local Rules Committee

**Paul Goodale**

| | |
|---|---|
| **From:** | Paul Goodale |
| **Sent:** | Tuesday, July 15, 2008 10:30 AM |
| **To:** | 'Patricia Sullivan' |
| **Cc:** | Jeffrey C. Schreck Esq.; David DiMarzio |
| **Subject:** | FOLLOW-UP TO CONFERENCE CALL |

Pat --

This will confirm yesterday's telephone conversation concerning the recent emergency amendment to LR 56, the Local Rule Review Committee's response thereto, and related matters.

As we discussed, the emergency amendment to LR Cv 56 promulgated on April 10, 2008, was intended by the Court as a mere technical amendment -- an attempt to re-state what the Court originally intended with respect to this amendment, which was to require an party opposing summary judgment to file a statement of disputed facts (pursuant to the old Local Rule 12.1(a)(2)) AND, if necessary, a separate statement of additional undisputed facts. The intent of changing the word "may" to "shall" in 56(a)(4) was to require an opposing party to file such a statement, if and only if that party believed there were additional undisputed facts pertinent to the motion. Furthermore, it was not the Court's intent to require an opposing party to affirmatively respond to every undisputed fact, but merely to identify only those facts that the opposing party disputes, using the moving party's numbering system.

Please be assured that it was not the Court's intention to make any major substantive change to LR Cv 56 without the Committee's input, as the Court values -- and will continue to value -- the Committee's hard work and input in the Local Rules amendment process. Moreover, we believe that both the Court and the Committee are of one mind on this matter.

Consistent with the above, we propose the following modification to LR 56(a)(4), which may help clarify the obligations of a party opposing summary judgment:

"(4) If an objecting party contends that there are additional undisputed facts not contained in the moving party's statement of undisputed facts which preclude summary judgment, that party shall file a separate statement of undisputed facts setting forth such additional undisputed facts. Such statement shall be prepared in accordance with the requirements of paragraph (a)(2), except that the additional undisputed facts shall be numbered consecutively to the moving party's undisputed facts.

(5) If an objecting party files a statement of additional undisputed facts and the movant contests any of those facts, the movant shall file a statement setting forth what additional facts are disputed, numbered correspondingly to the opposing party's additional undisputed facts, at the same time it files its reply memorandum pursuant to LR Cv 7(b)(2)."

The foregoing modification expresses the idea that a party opposing a motion for summary judgment need not file a statement of undisputed facts unless that party believes that such facts exist and are pertinent to the motion. In addition, the proposal addresses the time in which the moving party has to contest an opposing party's statement of additional undisputed facts, and it requires that a statement disputing any of the additional undisputed facts be filed with the moving party's reply memorandum.

Finally, Judge Lisi has offered to extend the Committee's deadline for an additional 30 days (until Friday, August 29, 2008) to permit the Committee additional time to consider these matters and submit its Final Report. In view of this, we understand that you will defer the date of the upcoming meeting of the full Committee until a date in August when both Jeff Schreck and Judge Lisi will be more readily available.

Please let us know if any of the foregoing is not consistent with our discussion. We understand that you'll be submitting our proposed modification to Dan Prentiss for consideration by his subcommittee.

Thanks for all your efforts!

David and Paul

Paul W. Goodale
Pro Se Staff Attorney
U.S. District Court

One Exchange Terrace
Providence, RI 02903
401-752-7026

**Tracking:**

| Recipient | Delivery |
|---|---|
| 'Patricia Sullivan' | |
| Jeffrey C. Schreck Esq. | |
| David DiMarzio | Delivered: 7/15/2008 10:30 AM |

# ATTACHMENT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOCAL RULE REVIEW COMMITTEE

REPORT OF THE CIVIL RULES SUBCOMMITTEE

The civil rules subcommittee has reviewed the Court's May 16, 2008, proposed changes to the Local Civil Rules (as supplemented by the communication from Paul Goodale, Esq., Court liaison to the Committee, on or about July 15, 2008). The subcommittee endorses the proposed changes and recommends their adoption by the Court.

The civil rules subcommittee also recommends that the Local Rule Review Committee submit to the Court a request that the Court meet with designees of the Committee following the submission of the Committee's annual report to the Court, and before the Court acts, particularly to the extent that the Court is considering either rejection of any proposed changes recommended to the Court by the Committee or alteration of an existing rule. The purpose of the meeting would be to permit a dialogue between the Court and the Committee to clarify the Committee's analysis and intentions regarding any recommended amendments to the Local Rules, as well as to make the Court aware of the impact of a proposed change on local practice.

Respectfully submitted

/s/ R. Daniel Prentiss
Chair
Civil Rules Subcommittee

# 2008
# REPORT OF THE
# LOCAL CRIMINAL RULES SUBCOMMITTEE

On March 26, 2008 I provided Local Criminal Rules Subcommittee members Ed Roy, Jim O'Neil, Jim McCormick, and Stephanie Browne (along with notice to Tom Schaffer) copies of the six amendments to the Local Criminal Rules in the form approved by the Court. I also sent the Subcommittee members the one recommended amendment that was rejected by the Court. I solicited comments and asked that any new requests for amendment to the Local Rules be submitted to me.

After providing that information and request to Subcommittee members; and after your announcements to the full Local Rules Committee; and to the members of the Federal Bar at large -- I received no comments or submissions regarding:

1. The Court's amendments;
2. New requests from the Court;
3. New requests from Subcommittee members;
4. New requests from any other member of the Local Rules Committee;
5. New requests from any member of the Federal Bar;

Thereafter, the Local Criminal Rules Subcommittee convened electronically in April, Ed Roy attending. We confirmed that no comments or new requests had been received and that the Subcommittee had none to offer or propose. Having determined that there are no new amendments to consider this year, nor any comment on the Court's actions, the Criminal Rules Subcommittee recessed for 2008.

Respectfully Submitted:

Gerard B. Sullivan

**Sullivan, Patricia**

**From:** Wollin, David [DWollin@apslaw.com]

**Sent:** Thursday, July 03, 2008 3:18 PM

**To:** Sullivan, Patricia; David DiMarzio; Jeffrey C. Schreck Esq.; paul_goodale@rid.uscourts.gov; Tom Shaffer

**Cc:** Jeffrey C. Schreck Esq.

**Subject:** RE: Local Rules Subcommittee reports back on proposed changes and comment

Pat and Jeff -- the General Rules Subcommittee has no comments on the proposed rules in our section.

David Wollin

-----Original Message-----
**From:** Sullivan, Patricia [mailto:PSullivan@eapdlaw.com]
**Sent:** Wednesday, June 25, 2008 6:54 PM
**To:** Anthony F. Muri; Brooks Magratten; Browne, Stephanie (USARI); cscott@duffysweeney.com; Wollin, David; David DiMarzio; Edward_Roy@fd.org; Gerard.Sullivan@usdoj.gov; James E. O'Neil; mclaw@choiceonemail.com; James T. Murphy; Jeffrey C. Schreck Esq.; john@bhrlaw.com; clittle@lmkbw.com; Marc DeSisto; Max Wistow, Esq.; paul_goodale@rid.uscourts.gov; Paulette Dube; dan@prentisslaw.com; rpartington@riag.ri.gov; Sara Rapport; Sullivan, Patricia; Tom Shaffer
**Cc:** Jeffrey C. Schreck Esq.
**Subject:** Local Rules Subcommittee reports back on proposed changes and comment

All -- In large measure due to my schedule, we are late and (as you saw from my prior email) have asked Judge Lisi for an extension. In the meanwhile to move forward, (and thanks to Dave Wollin whose question made me realize that I have not circulated these materials), I attached three items to get this year's work over the finish line:

1. The only comment received during the comment period -- regarding the emergency amendment to civil rules.

2. The proposed changes from the Court for our consideration.

3. The committee assignments and contact info.

We now refer these comments to the appropriate committees for discussion. [Except for the ECF committee, which will have nothing to do this year because we are postponing a hard look until next year.]

Confirming the phone messages I just left for each of you, we request that the chairs of General (Dave Wollin), Criminal (Gerry Sullivan), and Civil (Dan Prentiss) discuss the issues raised by the Court's proposals and the one comment, as well as any other matters. A phone conference may be all you need if you agree with the comments and have nothing new to propose. We also request that you look at last year to see if anything should be referred to next year for discussion (for example the idea of expedited motion practice).

If you simply agree with the Court's recommendations, telling us that will do it.

If you think a more lengthy process will be required please let us know as soon as you can.

Thanks,

Pat and Jeff

UNITED STATES DISTRICT COURT
LOCAL RULES REVIEW COMMITTEE

**Minutes of March 25, 2008 Meeting**

A meeting of the Local Rules Committee ("Committee") was held on March 25, 2008, at the Courthouse. Co-Chairs Jeffrey C. Schreck and Patricia A. Sullivan presided. The following Committee members were present:

Jeffrey Schreck
Patricia Sullivan

Edward Bertozzi
Marc DeSisto
Paul Goodale
Anthony Muri
Dan Presentiss
Sara Rapport
Craig Scott
Gerard B. Sullivan

Also present were Chief Judge Mary Lisi, Clerk of Court David DiMarzio and Paulette Dube.

**Welcome from Judge Lisi**

Judge Mary Lisi opened the meeting with thanks to the Committee members for their service in 2007 and introduced the themes for the work of the Local Rules Committee for 2008. She emphasized, and the Committee agreed, that a goal for 2008 is to limit to the extent possible the number of changes so that the local rules will be consistent and easy for use by the bench and the bar.

**Review of Amendments**

After Paul Goodale distributed the annotated copy of the 2007 report of the Committee, there was extensive discussion of the implemented amendments. The Committee raised a concern regarding two specific changes that may come as surprise to members of the bar:

(1) LR Gen 204 (c) – Attorneys in the same law firm of PHV counsel who are in good standing are not permitted to conduct depositions.

(2) LRCV 26 (c) – The alteration of the meaning of the close of discovery from local practice to a provision that makes clear that all discovery must be completed by the discovery closure date.

The Committee agreed that these changes merit attention to bring them to the attention of the members of the bar. It was recommended that the Court bring up the rule change with respect to the close of discovery in the initial pre-trial conference and perhaps in the initial pre-trial order so that practitioners are aware of it. In addition, the Committee will coordinate with the Federal Bar Association and the Federal Bench Bar Committee to ensure that the Bar is aware of these changes.

**Formulation of Work Plan for 2008**

It was agreed that it is extremely important for the 2008 work to be limited in scope to proposed amendments necessitated by a change of circumstances in the law, technology or practice. Such a limited review is important to provide consistency and regularity for the Rules. Accordingly, it was determined that the Committee's work will proceed as follows:

- A solicitation e-mail to the bar will be prepared and sent asking for comments to be received no later than April 21, 2008, and including emphasis on the goal of limited review.
- Each of the subcommittees will meet to discuss whether any recommendations are required and to consider any suggestions received as a result of these solicitations. The subcommittee will report to the full committee by May 16, 2008.
- The full committee will review the reports from the subcommittees and convene a meeting to discuss them before May 30, 2008.
- The final report will be compiled for submission to the Court by the deadline of June 30, 2008.

The meeting adjourned at 1:10 pm

---

LOCAL RULES COMMITTEE OF THE UNITED STATES

DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

2008 Work Plan

| Date | What Happens on the Date |
|---|---|
| April 21, 2008 | Deadline in solicitation e-mail to the bar (which will ask for comments, will emphasize the goal of limited review. |
| May 16, 2008 | Deadline for Subcommittees to submit reports regarding whether recommendations are required as a result of suggestions received from the solicitation. |
| May 30, 2008 | The **Full Committee** will review the reports from the subcommittees and convene a meeting to discuss them before May 30, 2008 |
| June 30, 2008 | The final report will be compiled for submission to the Court. |

UNITED STATES DISTRICT COURT
LOCAL RULES REVIEW COMMITTEE

**Minutes of August 25, 2008 Meeting**

A meeting of the Local Rules Committee ("Committee") was held on August 25, 2008, at the United States Courthouse. Co-Chairs Jeffrey C. Schreck and Patricia A. Sullivan presided. The following Committee members were present:

Jeffrey Schreck
Patricia Sullivan

Marc DeSisto
Paul Goodale
Brooks Magratten
Anthony Muri
Rebecca Partington
Daniel Prentiss
Sara Rapport
Craig Scott
Gerard B. Sullivan
David A. Wollin

Also present were Chief Judge Mary Lisi and Clerk of Court David DiMarzio.

**Review and Discussion of Draft of Final Report**

The draft final report of the Local Rules Committee was reviewed and discussed. Except for the ECF Subcommittee, which had not convened this year because of ongoing changes to the ECF process and administrative rules, each of the subcommittee chairs gave a report regarding the deliberations of each subcommittee and the recommendations of the subcommittee. During the discussion, Paul Goodale suggested correction of errata and certain clarifications, all of which were accepted by acclamation. Craig Scott suggested that the proposed amendment to LR CV 56 (a)(5) be amended to insert "separate" prior to "statement," which amendment was approved.

There was a lengthy discussion about the positive interaction with the Court during the deliberations of the subcommittees. There was also discussion of benefits to both the Committee and the Court as a result of the recommendation of the Civil Subcommittee that there be informal communication to assist the Court as it undertakes its own consideration of the Committee's recommendations.

Following adoption of the foregoing amendments to the draft final Report, on Motion duly made and seconded, the Committee approved the final report for presentation to the Court in accordance with LR Gen. 113 (b)(1).

**Judge Mary Lisi Joined the Meeting in Progress**

Judge Lisi joined the meeting in progress. The members of the Committee expressed appreciation to her for her thoughtful work with the Committee during 2008. Judge Lisi in turn thanked the Committee members for their service during 2008.

**2009 Committee Governance Structure**

Pat Sullivan announced that, while she will continue as Co-Chair of the Local Rules Committee in 2008-2009, Jeffrey Schreck will now take the leading role as Co-Chair in running the Committee. In light of the Court's commitment to rotating the committee leadership, a new Co-Chair will be appointed at the completion of the 2009 Final Report, who will join Jeff Schreck and Pat Sullivan will step down. Further, prior to the commencement of the evaluation of comments on the Rules in the spring of 2009, there will be an active review of the structure of the Committee with the goal of providing opportunities to other committee members to act as subcommittee chairs. Finally, any committee members interested in serving as Chair of the Committee were asked to notify either the Co-Chairs of the Committee or one of the representatives of the Court.

The meeting adjourned at 12:40 pm.

---